## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CERTAIN UNDERWRITERS OF
LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBER B030111789A08
a Foreign insurer,**

   **Plaintiff,**

**v.**             **No. 13cv0701 KG/LAM**

**OLD REPUBLIC INSURANCE COMPANY
AND PHOENIX AVIATION MANAGERS, INC.,**

   **Defendants.**

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

  **THIS MATTER** is before the Court on ***Defendants' Motion to Compel Di[s]covery Responses (Doc. 34)***, filed February 5, 2014.  Plaintiff filed a response to the motion on February 24, 2014 [*Doc. 36*], and Defendants filed a reply on March 24, 2014 [*Doc. 38*].  Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion should be **DENIED without prejudice**.

  The facts of this case, as presented in the complaint [*Doc. 1*] and motion to compel [*Doc. 34*] are as follows.  On June 22, 2008, two aircraft were damaged by a hail storm.  [*Doc. 1* at 2].  The aircraft were insured by Defendant Old Republic Insurance Company ("Old Republic") and underwritten by Defendant Phoenix Aviation Managers, Inc.  *Id.*  Old Republic alleges that the damage was caused by negligence by Eclipse Aviation Corporation ("Eclipse"), which is insured by Plaintiff ("Underwriters"), and Old Republic sought reimbursement from Eclipse for the repairs made to the aircraft.  *Id.* at 2-3.  On November 25, 2008, Eclipse filed for

bankruptcy and has since been sold.  *Id.* at 3.   Underwriters contends that Old Republic failed to notify Underwriters of an order by the bankruptcy court allowing Old Republic to file suit against Eclipse to seek recovery against Eclipse's insurance policies.  *Id.*  Old Republic obtained a default judgment against Eclipse in New Mexico state court, and, upon learning about the default judgment, Underwriters filed suit in this Court seeking a declaration that they had no duty to provide coverage for the default judgment.  *Id*. at 4.   The Court ruled that the default judgment was not covered under Underwriters' insurance policy because Underwriters had not been provided notice of the suit.  *Id.* at 5.   A separate case in this Court discharged Underwriters as the garnishee on the same grounds.  *Id.*  Subsequently, Old Republic sought in New Mexico state court to have the default judgment set aside, which the state court granted.  [*Doc. 34* at 2].   Old Republic then filed a second complaint in state court, and Underwriters filed this suit seeking a declaratory judgment that it has no duty to defend or indemnify Eclipse as to any claims arising out of the hail damage because Underwriters has been substantially prejudiced by the breach of the insurance agreement by Eclipse and because Underwriters' ability to defend and indemnify Eclipse has been substantially impaired because of Old Republic's actions.  [*Doc. 1* at 6].

In their motion to compel, Old Republic asks the Court to compel Underwriters to respond to discovery asking Underwriters to identify what it or its counsel knows about the claim and when Underwriters or its counsel learned the information.  [*Doc. 34* at 1 and 7].   In response, Underwriters contends that Old Republic's discovery requests are irrelevant to Underwriters' claim for declaratory relief, and that some requests seek information that is subject to attorney-client and work product privileges.  [*Doc. 36* at 2-4 and 13-14].   Underwriters also states that this motion to compel should not prevent a decision on Underwriters' pending motion

for summary judgment [*Doc. 23*], because Old Republic did not comply with Fed. R. Civ. P. 56(d) in their response to the motion for summary judgment.   [*Doc. 36* at 15-16].   In Old Republic's reply, Old Republic claims that its discovery requests are relevant and that Underwriters should be ordered to fully respond to them.   [*Doc. 38*].

The Magistrate Judge previously assigned to this case set the case for an initial scheduling conference pursuant to Fed. R. Civ. P. 16 (*Doc. 11*); however, the clerk's minutes from that scheduling conference note that there was a pending motion to dismiss (*Doc. 9*), and that a motion for summary judgment was anticipated, so the Court continued the initial scheduling conference until after those dispositive motions have been ruled on.   *See* [*Doc. 22*] (text-only clerk's minutes).   Therefore, the Court has not entered a scheduling order in this case.   Nevertheless, the parties have apparently proceeded to engage in discovery either by agreement or because the parties have held a Rule 26(f) conference.   *See* D.N.M. LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order.").   The Court, however, finds that Old Republic's motion to compel should be denied without prejudice because it is premature.   The parties have each filed dispositive motions in this case which may resolve some or all or the issues raised in Old Republic's motion to compel.   *See* [*Docs. 9* and *23*].   Moreover, in Old Republic's response to Underwriters' motion for summary judgment, Old Republic contends that it needs some of the same discovery sought in its motion to compel to respond to the summary judgment motion.   *See* [*Doc. 27* at 7-8].   It would, therefore, be inappropriate for the undersigned to make a determination on whether Old Republic is entitled to discovery at this point when a similar claim is currently before the presiding judge.   The Court

3

further notes that Case No. 12-CV-1156 KG/GBW, which is a suit by Old Republic against Eclipse for liability for the damage to the aircraft, has been stayed pending a resolution of this case, and the order staying that case states that "Underwriters could be irreparably harmed if they continue to expend resources to defend Eclipse only for the Court to subsequently determine that they had no duty to defend or indemnify Eclipse."   *See* [*Doc. 35*, filed in Case. No. 12-CV-1156 KB/GBW, at 8].   This order further supports a finding that Old Republic's motion to compel should be denied at this time.   For these reasons, the Court finds that the motion to compel should be denied without prejudice and that Old Republic can re-file the motion to compel if it is still necessary after the motion for summary judgment is resolved.   The Court further finds that Old Republic's deadline under Local Rule 26.6 to file a motion to compel with regard to Underwriters' objections to Old Republic's discovery requests is hereby waived as to the specific objections raised in Old Republic's motion to compel in the event Old Republic needs to re-file its motion to compel.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Compel Di[s]covery Responses (Doc. 34)* is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

4