IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS OF
LLOYD'S, LONDON SUBCRIBING
TO POLICY NUMBER B080111789A08,
a Foreign insurer,

        Plaintiff,

v.                                                                                                         No. 13-CV-701 KG/KK

OLD REPUBLIC INSURANCE COMPANY,
AND PHOENIX AVIATION MANAGERS, INC.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Plaintiff Certain Underwriters of Lloyd's, London Subscribing to Policy Number B080111789A08 ("Lloyd's") filed a Complaint on July 31, 2013, against Old Republic Insurance Company and Phoenix Aviation Managers, Inc. (collectively "Old Republic") for a declaratory judgment that it has no duty to defend or indemnify Eclipse Aviation Corporation ("Eclipse"). Old Republic filed an Answer and Counterclaim for malicious abuse of process on August 23, 2013. (Doc. 8.)

Old Republic filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. (Doc. 9.) Lloyd's filed a response, including a request for leave to amend the Complaint if the Court deemed the pleading insufficient (Doc. 13); Old Republic filed a reply (Doc. 15); and Lloyd's filed a surreply (Doc. 26). Lloyd's also filed a Motion for Summary Judgment (Doc. 23); to which Old Republic filed a response (Doc. 27), and Lloyd's filed a reply (Doc. 28). Having considered the briefing, the

record, and applicable law, the Court grants Old Republic's Motion to Dismiss (Doc. 9) and denies leave to amend the Complaint on the basis of futility.  The Court dismisses the declaratory judgment action brought by Lloyd's with prejudice and declines to exercise supplemental jurisdiction over the state malicious abuse of process tort claim.  Finally, the Court denies the Motion for Summary Judgment (Doc. 23) as moot.

*A. Standards of Review*

A court, in accordance with Rule 12(b)(6), may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To decide a Rule 12(b)(6) motion to dismiss, courts are restricted to considering the contents—or four corners—of the complaint and any "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice."  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (quotation omitted).  A court may "take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Genesee Cnty. Emps.' Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*, 825 F. Supp. 2d 1082, 1122 (D.N.M. 2011) (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)).  However, "the documents may only be considered to show their contents, not to prove the truth of matters asserted therein."  *Id.* at 1122-23 (internal quotations omitted).

Courts must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a

formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertions devoid of further factual enhancement" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). While a complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal quotations omitted). Courts must draw on their "judicial experience and common sense" to assess a claim's plausibility. *Id.* at 679.

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact.

---

[1] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

3

*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.  *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996) (citation omitted).  The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings.  *Bacchus Indus., Inc.*, 939 F.2d at 891.

*B. Factual & Procedural Background*

On June 22, 2008, two aircraft insured by Old Republic and underwritten by Phoenix Aviation Managers, Inc., were damaged by a hail storm while in the custody of Eclipse.  Eclipse was insured by Lloyd's.  Old Republic paid for the repairs to the aircraft and then requested reimbursement from Eclipse.  On November 25, 2008, Eclipse filed for bankruptcy.

On March 29, 2009, Rose Walker LLP ("Rose Walker") sent a letter, notifying Old Republic that Rose Walker had been retained by Lloyd's to represent Eclipse as to any claims arising from the damaged aircraft and to direct all related communication to the firm.

On June 29, 2009, Old Republic filed a motion to lift the automatic bankruptcy stay so that it could pursue any insurance policy proceeds applicable to the damaged aircraft.  The bankruptcy court lifted the stay to the limited extent requested by Old Republic.  Old Republic did not notify Lloyd's or Rose Walker about the partial lifting of the automatic stay.

Eclipse's name and assets were sold on August 20, 2009, as part of the Chapter 7 bankruptcy liquidation proceedings.  Upon sale, Eclipse no longer had any operations or employees and became defunct.

On May 12, 2010, Old Republic sued Eclipse in New Mexico state court for subrogation and negligence.  Old Republic attempted to serve Eclipse at a business address that no longer existed and later attempted service through the New Mexico Secretary of State using that same

4

address. Eclipse never received service. Old Republic then moved for a default judgment in the state court action. On January 19, 2011, the New Mexico state court granted the motion and entered a default judgment against Eclipse.

On March 8, 2011, Old Republic contacted Rose Walker to demand payment from Eclipse for the amount of the default judgment. The demand letter included a copy of Rose Walker's March 29, 2009, representation letter. The demand letter was the first notice to Rose Walker and Eclipse of the state lawsuit.

For more than two years, Old Republic maintained that the default judgment was valid and enforceable against Eclipse. Old Republic also filed a garnishment action against Eclipse for the proceeds of the Lloyd's policy. On May 19, 2011, Lloyd's filed a declaratory judgment action in federal court, requesting a declaration that it had no duty to provide coverage for the default judgment.

On June 4, 2012, United States Magistrate Judge Karen B. Molzen ruled in the federal declaratory judgment case that the Lloyd's insurance policy did not cover the default judgment, reasoning that Lloyd's was not provided notice of the lawsuit until after entry of the default judgment. *Certain Underwriters of Lloyd's London v. Old Republic Ins. Co.*, No. 11-cv-432 KBM/ACT, Doc. 60 (D.N.M. June 4, 2012). On September 6, 2012, United States District Judge Robert C. Brack discharged Lloyd's as a garnishee in a separate federal action. Judge Brack agreed that Old Republic had no right to recover from Lloyd's through the default judgment. *Old Republic Ins. Co. v. Eclipse Aviation Corp.*, No. 12-cv-323 RB/RHS, Doc. 33 (D.N.M. Sept. 6, 2012).

On July 17, 2012, Old Republic filed a motion in the original state court case to set aside the default judgment. Old Republic stated that it "wishes to set aside the default judgment since

[Lloyd's] apparently intends to tender a defense for Eclipse in this matter. Once the default judgment has been set aside, Old Republic intends to provide notice to [Lloyd's] and proceed with litigation." *Old Republic Ins. Co. v. Eclipse Aviation Corp.*, No. D-202-CV-2010-05837, Motion to Set Aside Entry of Default Judgment and Amend Complaint, at *2 (N.M. Dist. Ct. July 17, 2012). Lloyd's opposed the motion to set aside the default judgment. On February 22, 2013, the state court granted the motion and set aside the default judgment. On June 12, 2013, the state court denied a motion for reconsideration of this decision. Old Republic filed an amended complaint in state court on June 26, 2013, alleging the same facts as pleaded in the original complaint.

Lloyd's contends in its Complaint in the present case that "as a result of Defendants' intentional litigation strategy, the parties are at the same point they were three years ago with one significant exception—[Lloyd's] has now been substantially prejudiced in its ability to defend Eclipse." (Doc. 1) at 6. Further, "to the best of [Lloyd's's] knowledge, there no longer exists any Eclipse officer or employees to assist in the defense of Defendants' claims, nor to authorize [Lloyd's] to act on its behalf." (*Id.*) Specifically, Lloyd's argues that it "has been substantially prejudiced by the breach of the insurance agreement by Eclipse Aviation, which was caused by [Old Republic's] actions. Plaintiff's ability to defend and indemnify Eclipse Aviation has been substantially impaired because of [Old Republic's] actions." (*Id.*)

Old Republic asserts that Lloyd's had notice of the hail-damage claims against Eclipse as early as March 29, 2009. Specifically, Old Republic asserts Rose Walker, the counsel retained by Lloyd's for Eclipse, sent Phoenix Aviation Managers a letter on that date notifying Old Republic that it represents Eclipse. Old Republic contends that, rather than proceed on the merits in state court, Lloyd's filed this meritless action for declaratory judgment.

6

*C. Discussion*

   1. *Motion to Dismiss*

The Court finds that the opinions by Judge Molzen and Judge Brack attached to the response may be appropriately considered with the motion to dismiss. (Doc. 13) Exs. A, B. Lloyd's referred to these opinions as a central part of its complaint—citing the case numbers and explaining the findings in each opinion—, and no party has disputed the documents' authenticity. (Doc. 1) at 5; *Berneike*, 708 F.3d at 1146. The Court also will consider portions of the insurance contract between Lloyd's and Eclipse attached to the response. (Doc. 13) Ex. C. This exhibit was part of the record in *Certain Underwriters of Lloyd's London v. Old Republic Ins. Co.*, No. 11-cv-432 KBM/ACT, Doc. 37-2 (D.N.M. June 4, 2012), and no party has disputed its authenticity. However, the Court only considers these documents to the extent of identifying their contents, not as proof of the truth of the matters asserted within. *Genesee Cnty. Emps.' Ret. Sys.*, 825 F. Supp. 2d at 1122.

Old Republic contends that Lloyd's "sole allegation that purportedly supports its claim that it is entitled to a declaratory judgment is that it has 'been substantially prejudiced by the breach of insurance agreement by Eclipse Aviation, which was caused by [Old Republic's] actions.'" (Doc. 9) at 5 [brackets provided]. Old Republic moves for dismissal of the Complaint on the basis that Lloyd's "has failed to allege any facts that would plausibly suggest that Eclipse violated any specific provision of the insurance policy at issue." (*Id.*) at 5. Old Republic also replies that Lloyd's improperly attempted to use its response to supply factual allegations not in the original pleading and to cite documents outside the four corners of the Complaint. Nonetheless, Old Republic argues, Lloyd's still has failed to state a claim upon which relief can be granted. Further, Old Republic contends that the Court should deny leave to amend the

Complaint because an amendment to allege Eclipse violated the insurance policy by failing to provide notice of the original state action and to cooperate would be futile.

Lloyd's counters that the Complaint shows Eclipse breached its insurance policy at least twice, that Old Republic caused the breaches, and that the breaches substantially prejudiced Lloyd's. (Doc. 13) at 5. Lloyd's states that the first breach of the policy was Eclipse's failure to give notice to Lloyd's of the original state court action and that Judge Molzen "noted[] this was caused entirely by [Old Republic's] actions." (*Id.*) at 6 (citing (Doc. 13) Ex. A at 2, 10-11). Lloyd's also points to Judge Brack's and Judge Molzen's reasoning that "'Eclipse failed to notify Lloyd's of the state-court lawsuit,' which was 'required by the policy.'" (*Id.*) (quoting (Doc. 13) Ex. B at 3.) Lloyd's argues the second breach of the policy was Eclipse's failure to "'Assist and Co-operat[e]'" with Lloyd's in defending the state court action. (*Id.*) (quoting (Doc. 13) Ex. C at 20.) Lloyd's also contends it is now substantially prejudiced with regard to defending the amended state complaint because (1) Eclipse breached the policy; and (2) Eclipse, as a non-existent entity, cannot assist Lloyd's with defending the claims or authorize Lloyd's to act on its behalf. Lloyd's requests leave to amend its complaint if this Court determines that it has not pleaded sufficient facts

The Court finds that the Complaint fails to state a plausible claim for relief. Lloyd's does not support its statement that it "has been substantially prejudiced by the breach of the insurance agreement by Eclipse Aviation, which was caused by [Old Republic's] actions," with facts demonstrating which insurance provisions were breached and how the breaches occurred. (Doc. 1) at 6. Without alleging such facts, Lloyd's has failed to show more than a "sheer possibility" that it is entitled to a declaratory judgment. *Iqbal*, 556 U.S. at 678. Lloyd's seeks to cure these factual deficiencies with allegations in its response to the motion to dismiss. However, "when a

plaintiff raises factual allegations not contained within the pleadings for the first time on opposition, such allegations cannot properly be considered by the Court." *Bello v. Howard Univ.*, 898 F. Supp. 2d 213, 222 (D.D.C. 2012).

Lloyd's also cites the opinions by Judge Molzen and Judge Brack in an attempt to link these prior decisions to the Complaint to show that Old Republic's actions caused a breach of the policy. However, Lloyd's wrongly cites Judge Molzen for the proposition that "the default judgment was not covered under Plaintiff's insurance policy because Old Republic withheld notice of the suit, resulting in a breach of the policy," misstating her actual conclusions. (Doc. 13) at 4. Judge Molzen did not rule on whether Eclipse breached the insurance policy. Rather, Judge Molzen focused on Old Republic's failure to provide notice to Rose Walker of the state court lawsuit. (Doc. 13) Ex. A at 2, 10-11.

Judge Brack recognized Judge Molzen's reasoning, stating "because Eclipse failed to notify Lloyd's of the state-court lawsuit, as required by the policy, Lloyd's was not liable for the default judgment against Eclipse." (Doc. 13) Ex. B at 3. However, it is clear Judge Molzen concluded Lloyd's was not liable for the default judgment because Old Republic failed to notify it of the state court lawsuit. But neither Judge Molzen nor Judge Brack found that Eclipse "breached" its insurance contract such that Lloyd's would not be liable for proceeds under the policy. Therefore, even considering the opinions for their content, the opinions do not cure the Complaint's lack of factual allegations demonstrating which insurance provisions Eclipse breached and how the breaches occurred.

 2. *Leave to Amend*

The Court denies leave to amend the Complaint on the basis of futility, albeit on grounds other than those suggested in the briefing. Under Federal Rule of Civil Procedure 15(a)(2), "a

9

party may amend its pleadings only with the opposing party's written consent or the court's leave." Moreover, Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis*, the United States Supreme Court analyzed Rule 15(a)(2), stating that "futility of amendment" is a basis for not freely giving leave to amend. 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).

Old Republic argues two reasons an amendment would be futile. First, Old Republic cites *State Farm Fire & Cas. Co. v. Ruiz*, 36 F. Supp. 2d 1308, 1315 (D.N.M. 1999), for the proposition that "a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." (Doc. 15) at 4 (internal quotations omitted). That is, Old Republic argues that the present declaratory judgment action is not appropriate, and the relief requested by Lloyd's must be pursued in state court.

Second, Old Republic asserts that amendment is futile because an insurer cannot demonstrate the requisite prejudice for violation of an insurance policy for failure to cooperate when it has actual notice of a claim but fails to provide a defense of the insured. (Doc. 15) at 5 (citing *Garcia v. Underwriters at Lloyd's London*, 2007-NMCA-042, ¶ 24, 156 P.3d 712, 720).

Old Republic argues Lloyd's had actual notice of the aircraft claim as early as March 2009.[2] (Doc. 15) at 6.  Further, Old Republic contends that Lloyd's opposition to setting aside the default judgment in the initial state court case shows actual notice of the claims or representation of Eclipse.  Accordingly, Old Republic argues that "the actual notice is sufficient to trigger [Lloyd's] duty to defend Eclipse . . . .  Because of this duty to defend when notice of the claim is received, [Lloyd's] must defend Eclipse . . . in the underlying suit."  (*Id.*)  As such, Old Republic posits, "[Lloyd's] thus cannot receive a declaratory judgment that there is no insurance coverage for failure to provide notice or cooperate . . . ."  (*Id.*)

Lloyd's argues in a surreply to the motion to dismiss that *Ruiz* is distinguishable from the present case and actually supports bringing the instant declaratory judgment action.  Lloyd's contends that the court in *Ruiz* found that coverage questions dealing with underlying facts should be determined by the court in the underlying action.  By contrast, Lloyd's asserts, coverage issues that do not depend on the underlying facts may be brought separately.  Lloyd's argues the coverage matter in this case regards prejudice to the insurer caused by Old Republic's actions, which is apart from the facts alleged by Old Republic in the state court action.  Lloyd's also argues that *Garcia* is distinguishable because *Garcia* did not involve coverage issues dealing with the conduct of the claimant, *Garcia* did not involve prejudice to the insurer, and *Garcia* did not involve a willful withholding of notice of suit by the claimant and subsequent inability of the insurer to effectively defend the case.

The Court agrees with Lloyd's that *Ruiz* is distinguishable from the present case in that this case does not deal with presenting facts relevant to determining whether an exclusion exists

---

[2] The reply states "March 1999," but the Court avers from the Complaint and briefing that this should have read "March 2009," when Rose Walker sent its representation letter to Old Republic.

that eliminates the insurer's duty to defend. *Ruiz* found in favor of the plaintiff on a summary judgment motion where the insurer breached its duty to defend in a state court wrongful death action and faced liability for a settlement amount. 36 F. Supp. 2d at 1311-12. The factual allegations in the state court action were ambiguous in that it was unclear from the face of the complaint whether the homeowners insurance policy covered the death of a five-year-old boy. *Id.* at 1313-14. The court found "[w]hen the factual allegations of the complaint are ambiguous, the court in a [declaratory judgment action] may not make factual findings to resolve ambiguities. . . . The factual determination is . . . for the court in the primary action." *Id.* at 1312-13. That is, "an insurer [with] facts contrary to or not pled in the complaint demonstrating that the policy does not cover the injury alleged must bring these facts to the attention of the trial court in the primary action and request to be relieved of the duty to defend." *Id.* at 1315 (citing *Found. Reserve Ins. Co. v. Mullenix*, 1982-NMSC-038, ¶¶ 6, 11, 642 P.2d 605-06). The present case does not involve ambiguous facts regarding the incident for which coverage is an issue. Rather, Lloyd's is asking the Court to find that certain breaches of an insurance policy, as a legal matter, eliminate its liability for the damage to the aircraft. Therefore, the Court declines to use *Ruiz* as grounds to find that leave to amend the Complaint would be futile.

The Court also agrees *Garcia* is distinguishable from the present case. In *Garcia,* the insurer received actual notice from its attorneys of a claim against the estate of its insured. However, after receiving notice that it could intervene in the estate proceeding as an interested party, the insurer did not defend the claim. *Garcia*, 156 P.3d at 715-17. The insurer argued that it had no duty to defend the wrongful death claim because it did not receive a request from the estate of its insured to defend the claim. *Id.* at 720. However, the court held that a duty to defend arose from actual notice of the claim. *Id.* at 722. The court then found that a genuine

dispute of material fact existed as to whether the estate of the insured chose to forego a defense from the insurer. *Id.* at 722-23. Even assuming that Lloyd's had actual notice of the aircraft claims prior to March 2009 and acknowledging the fact that Lloyd's had notice to oppose setting aside the default judgment, the Court nevertheless finds Lloyd's did not have actual notice of the original state court action until after the entry of default. When Old Republic sought to enforce the default judgment, Rose Walker, on behalf of Lloyd's, began to defend against the claim. Therefore, the Court concludes that *Garcia* is inapposite to the "actual notice" argued by Old Republic in this case. Thus, the Court also declines to use *Garcia* as a basis to grant leave to amend the complaint.

The Court has found that the Complaint is not supported with facts demonstrating which insurance provisions were breached and how the breaches occurred. Lloyd's has requested that it be allowed leave to amend the Complaint "to the extent any deficiency is found by the Court." (Doc. 13) at 8. Therefore, any amendments to the Complaint would have to cure any deficiencies dealing with the alleged, unidentified breaches of the insurance agreement. The response to the motion to dismiss clarifies the breaches as Eclipse's failure to notify and failure to cooperate with Lloyd's with respect to Old Republic's claims against it. (*See* Doc. 13) at 5-6. Therefore, the Court examines whether amending the Complaint to identify these breaches and provide factual support could provide a plausible claim for relief.

The Court concludes that amending the Complaint to identify the breaches of failure to notify and failure to cooperate in these circumstances would be futile. With respect to a failure to cooperate claim, the Tenth Circuit has found that "[e]ven if the insured party were to fail to cooperate in breach of his contractual commitment, this would not excuse the insurer from performing entirely on the contract." *In re Baird*, 567 F.3d 1207, 1212 (10th Cir. 2009) (citing

13

*In re Sudbury, Inc.*, 153 B.R. 776, 779 (N.D. Ohio 1993), and noting "the Insurers' obligations under the Policies [are not] voided because of the Debtor's failure to cooperate. They establish only that an Insurer may have a defense against a claim where the Debtor does not cooperate"). The Tenth Circuit explained, "[T]he basic purpose of the cooperation clause is to eliminate connivance between the insured and the claimant; and acts of insured, even affirmative in nature, which do not materially threaten the insurer's rights do not constitute a contract breach." *Farmers Cas. Co. (Mut.) v. Green*, 390 F.2d 188, 191 (10th Cir. 1968) (citing *Elliott v. Metro. Cas. Ins. Co. of N.Y.*, 250 F.2d 680, 683 (10th Cir. 1957)). "[W]here deliberate misstatements are made by the insured which materially harm the company or aid the claimant the policy is voidable by the company." *Elliott*, 250 F.2d at 683; *see also Admiral Ins. Co. v. Grace Indus., Inc.*, 409 B.R. 275, 283-84 (E.D.N.Y. 2009) (affirming bankruptcy court's determination that debtor did not breach cooperation clause by stipulating to lifting stay as to claims brought by personal injury plaintiffs because such action did not constitute willful obstruction).

      This Court concludes that under the circumstances in the present case, a claim for a declaratory judgment based on failure to cooperate would be futile. Lloyd's has stated no facts to show connivance between Eclipse and Old Republic, nor willful obstruction or any deliberate misrepresentations to materially harm Lloyd's. Eclipse, as a defunct company, merely failed to take any actions at all. Such a failure to cooperate claim would not survive a motion to dismiss, and therefore, this Court denies leave to amend the Complaint to elaborate on this claim.

      This Court also finds that allowing leave to amend Lloyd's's failure to notify claim would be futile. The insurance policy states, "If claim is made or suit is brought against the Insured the Insured shall as soon as practicable forward to the Insurers' authorized [sic] agents every demand, notice, summons or other process received by him or his representative." (Doc.

14

13) Ex. C at 19.  It is undisputed that neither Eclipse nor its representative, Rose Walker, received notice of the original state court action until after the entry of default.  (Doc. 1) at 4.  Judge Molzen found Old Republic's failure to give Rose Walker or Lloyd's notice of the state court action is attributable to Old Republic, not Eclipse.  *See Certain Underwriters of Lloyd's London*, No. 11-cv-432 KBM/ACT, Doc. 60 at 2, 10.  Hence, there is no plausible claim against Eclipse for lack of notification.  Allowing Lloyd's to amend the complaint on the notification claim does not change the conclusion that there is no plausible claim for failure to notify.  Consequently, it would be futile to allow such an amendment.  Accordingly, this Court denies leave to amend the Complaint.

    3. *Malicious Abuse of Process*

Having determined to grant Old Republic's motion to dismiss Lloyd's's declaratory judgment action, only Old Republic's state malicious abuse of process counterclaim remains.  *See Buck v. City of Albuquerque*, 549 F.3d 1269, 1293 (10th Cir. 2008).  Under 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction. . . ."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over the malicious abuse of process claim.  *Id.*  Taking into consideration those factors, and following Tenth Circuit precedent, the Court

declines to exercise supplemental jurisdiction over Old Republic's malicious abuse of process claim. Consequently, this Court will dismiss the malicious abuse of process claim without prejudice so Old Republic may pursue this claim in state court.

4. *Motion for Summary Judgment*

Because this Court grants Old Republic's motion to dismiss and declines to exercise supplemental jurisdiction over its malicious abuse of process claim, the motion for summary judgment filed by Lloyd's is moot. (Doc. 23.)

IT IS ORDERED that

1) Old Republic's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 9) is granted;

2) the declaratory judgment action will be dismissed with prejudice;

3) the Court denies leave to amend the Complaint on the basis of futility;

4) the malicious abuse of process claim will be dismissed without prejudice; and

5) Plaintiff's Motion for Summary Judgment (Doc. 23) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE